IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRANDON MCCLEERY,**

        Plaintiff,

   v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

        Defendant.

Case No. 1:13-CV-01424-SU

**FINDINGS AND RECOMMENDATION**

SULLIVAN, Magistrate Judge:

    Brandon McCleery ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. For the reasons set forth below, the Commissioner's decision should be affirmed.

## PROCEDURAL BACKGROUND

    On May 29, 2010, plaintiff protectively filed applications for SSI and DIB under Titles II and XVI of the Social Security Act. Tr. 200-25. After his claims were denied initially and upon reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ").

Tr. 148-49. After a hearing, held on May 22, 2012, the ALJ issued a decision finding plaintiff not disabled on June 22, 2012. Tr. 10-24, 30. The Appeals Council ("AC") denied plaintiff's subsequent request for review after considering new evidence added to the record, making the ALJ's decision the final Agency decision. Tr. 1-3. Plaintiff now seeks judicial review in this Court.

## FACTUAL BACKGROUND

Born in 1983, plaintiff was 29 years old at the time of the hearing. Tr. 33. Plaintiff speaks English and completed the tenth grade. *Id.* He is married with two children and has past work experience as a telemarketer and as a retail clerk at Wal-Mart. Tr. 35-36, 48, 236. Plaintiff alleges disability as of February 19, 2010, due head and neck pain, migraines, nausea, numbness, spasms, depression, and "unknown learning disabilities." Tr. 234.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

Page 2 – FINDINGS AND RECOMMENDATION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national

economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 19, 2010. Tr. 16. At step two, the ALJ determined that plaintiff's migraines constitute a severe impairment. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 18

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: he must not be exposed to extreme temperatures, vibrations, heights, or hazards; he must not have concentrated exposure to dust, fumes, or gases; he can occasionally reach overhead; he cannot climb ladders, ropes, or scaffolds. Tr. 19.

At step four, the ALJ found that plaintiff could perform his past relevant work as a sales attendant, cashier/checker, and customer service clerk. Tr. 22-23. The ALJ therefore concluded that plaintiff was not disabled within the meaning of the Act. Tr. 23-24.

## DISCUSSION

Plaintiff alleges that the Commissioner erred by (1) improperly evaluating the opinion of Terry Jones, PA-C; and (2) improperly rejecting his testimony.

I.     Treating Nurse Terry Jones, PA-C

Plaintiff argues that the ALJ erroneously rejected the opinion of treating nurse Terry Jones, PA-C. Mr. Jones began treating plaintiff in September, 2007, and opined that plaintiff

Page 4 – FINDINGS AND RECOMMENDATION

could not perform even sedentary work due to his headaches, and would miss more than 2 days of work per month. Tr. 20, 366, 422-24. As a physician's assistant and nurse, Mr. Jones was an "other" source according to the Regulations, and the ALJ was required to provide germane reasons for rejecting his opinion. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); SSR 6-03p, *available at* 2006 WL 374188, *5; 20 C.F.R. §§ 404.1527(c), 416.927(c).

The ALJ gave little weight to Mr. Jones' opinion. Tr. 20-21. The ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). Inconsistency with other evidence in the record is a germane reason for rejecting the testimony of a lay witness. *Lewis*, 236 F.3d at 511-12. Here, the ALJ gave some weight to the opinions of state agency physicians Neil Berner, M.D., and Mary Ann Westfall, M.D. Dr. Berner diagnosed marijuana and narcotic dependence, and opined that there was "no evidence and no indication of any learning disability." Tr. 81. Both Drs. Berner and Westfall found that plaintiff had no exertional limitations and could sustain gainful employment. Tr. 84, 106. These opinions conflict with Mr. Jones' assessment, and thus provide germane reasons for rejecting his opinion. *See Molina*, 674 F.3d at 1114; *see also Lewis*, 236 F.3d at 511. Any further error in the ALJ's reasoning on this matter was harmless because he provided legally sufficient reasons for rejecting Mr. Jones' opinion. *See Carmickle*, 533 F.3d at 1162. The ALJ's evaluation of Mr. Jones' opinion should be affirmed.

II.     Plaintiff's Testimony

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. §§ 404.1529, 416.927. First, the

Page 5 – FINDINGS AND RECOMMENDATION

ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

Plaintiff testified that he suffers from headaches 365 days per year. Tr. 50, 53-54. The pain of his headaches ranges from 2 to 10 on a pain scale. Tr. 50. Plaintiff stated that he treats his headaches with hot and cold showers, opiates, and medical marijuana. Tr. 54-55, 65-66. Plaintiff testified that he sleeps between 3 and 6 hours per night and that his sleep is limited

because of migraine headaches. Tr. 68. As a side-effect of his headaches plaintiff also suffers deafness in one hear, blindness, blurry spots in his vision, and nausea. Tr. 66.

With respect to his physical abilities, plaintiff testified that he can walk 30 minutes, stand for 20 minutes, and sit for 2 hours at a time. Tr. 56-57. He can pick up his son, who weighs 65 pounds. *Id.* Plaintiff testified that his activities include caring for his two children, driving to pick up his children from school, sitting in a chair, and lying in bed. Tr. 60-63. In a function report, plaintiff stated that pain interferes with most of his activities and that he could not sleep at night or stay awake during the day; that he experiences intense chills and numb limbs that cause him to trip and drop things; that he is always confused and his medications have failed. Tr. 281. Plaintiff wrote that he frequently needs help walking, standing, moving his arms, using his hands and fingers, climbing steps, and lifting objects. Tr. 285.

The ALJ gave plaintiff's statements little weight. Tr. 21-22. First, the ALJ noted inconsistencies within plaintiff's own statements. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (noting that the ALJ may use ordinary techniques of evaluating credibility, including consideration of "any inconsistent statements in [the claimant's] testimony"). In 2008, in contrast to his hearing testimony, plaintiff told his treating nurse Mr. Jones that working decreases his pain. Tr. 327. Plaintiff also reported to Mr. Jones that he was "not having daily headaches" in May, 2008. Tr. 354. The record also reveals that, despite the alleged severity of plaintiff's condition, plaintiff performed substantial gainful activity at Walmart for 7 years despite suffering from headaches throughout his adult life. Tr. 22, 327-31, 540.

Second, the ALJ credited the opinion of Victoria Cordy, M.D., which undermined plaintiff's credibility. *See Thomas*, 278 F.3d at 958-59 (the ALJ may consider evidence of a claimant's reputation for truthfulness, as well as statements from physicians about the claimant's symptoms); *see also Tommasetti*, 533 F.3d at 1039 (the ALJ may use ordinary techniques of

Page 7 – FINDINGS AND RECOMMENDATION

credibility evaluation in assessing a claimant's credibility).  Dr. Cordy examined plaintiff in February, 2010.  Tr. 341-42.  She expressed concern about inconsistencies in plaintiff's reports of his history, and wrote that he "does have some pain but gives a suspicious history and I get the sense that [he] is making his pain out to be more than it is to get disability."  *Id.*  Dr. Cordy's opinion provides additional weight to the ALJ's credibility finding.

Third, the ALJ found that plaintiff's statements were contradicted by objective medical evidence in the record.  *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between the severity of claimant's alleged symptoms and the medical evidence is a proper basis for an adverse credibility determination).  Here, Drs. Berner and Westfall opined that plaintiff was not disabled by his headaches and had no exertional limitations.  Tr. 20-22, 84-86, 106-09.  By contrast with plaintiff's allegation that he was disabled in part due to "unknown learning disabilities," Dr. Berner opined that there was "no evidence and no indication of any learning disability."  Tr. 81, 234.  Dr. Berner also opined that plaintiff's allegations were "so excessive that his statements are considered not credible."  Tr. 81.  Although the ALJ rejected the opinion that plaintiff has no exertional limitations, he was entitled to rely in part upon the opinions of Drs. Berner and Westfall in order to reject plaintiff's testimony about the nature and severity of his symptoms.  *Light*, 119 F.3d at 792; *see also Magallanes v. Bowen*, 881 F.2d 747, 753-54 (9th Cir. 1989) (the ALJ may rely on part of an expert's opinion and need not accept all of it).  The opinions of Drs. Berner and Westfall provide further justification for the ALJ's credibility determination.

Fourth, the ALJ noted evidence that plaintiff's allegedly disabling limitations were effectively controlled with medication.  Tr. 21-22.  The ALJ may rely on evidence of effective treatment in making a negative credibility finding.  20 CFR § 404.1529(c)(3)(iv) & (v); *Tommasetti*, 533 F.3d at 1040.  Here, there is some evidence in the record that plaintiff's

Page 8 – FINDINGS AND RECOMMENDATION

headaches were effectively treated with medication. For example, in April, 2008, Mr. Jones wrote that plaintiff was "doing better" after starting Percocet for pain management. Tr. 356. In May, 2008, Mr. Jones noted that plaintiff was taking pain medication and that his headaches were less frequently debilitating and were not occurring daily. Tr. 354. In October, 2009, Mr. Jones noted that pain medications worked well for plaintiff's headaches without causing side effects, that plaintiff's attendance at work increased, and that he earned a promotion. Tr. 21-22, 348. More recently, in 2012, Mr. Jones opined that plaintiff's headaches had improved after he stopped taking opiates. Tr. 484. The evidence that plaintiff experienced relief from medication and improvement after opiate cessation also supports the ALJ's credibility finding. *Tommasetti*, 533 F.3d at 1040. On this record, the ALJ provided legally sufficient reasons for rejecting plaintiff's subjective symptom testimony. Although plaintiff offers an alternative, rational interpretation of the evidence, the court must uphold the ALJ's decision where, as here, the evidence is susceptible to more than one rational interpretation. *Burch*, 400 F.3d at 680-81. The ALJ's decision should be affirmed.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 19, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this _____ day of August, 2014.

                                            ___s/ Patricia Sullivan_____.
                                            PATRICIA SULLIVAN
                                            UNITED STATES MAGISTRATE JUDGE